## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACCUTRAX, LLC,  )  ) | |
| Plaintiff/Counterclaim- ) | |
| Defendant, ) | Civil Action No. |
| ) | 15-11776-FDS |
| v. ) | |
| ) | |
| MICHAEL KILDEVAELD, ) | |
| ) | |
| Defendant/Counterclaim- ) | |
| Plaintiff/Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HARRY S. BILLADO, JR.; ) | |
| IDEAAMERICA.COM, INC.; ) | |
| ROBERT E. CUMMINGS, JR., a/k/a ) | |
| ROBERT CUMINGS JR., a/k/a ) | |
| ROBERT CUMINGS; PRAZI, U.S.A. ) | |
| INC.; and SNYDER ) | |
| MANUFACTURING, INC., ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION TO REMAND

**SAYLOR, J.**

This matter involves a dispute over a removal to federal court, arising out of an action concerning the assignment of a patent. On November 12, 2014, plaintiff Accutrax, LLC filed a complaint in Massachusetts state court against defendant Michael Kildevaeld, a member of Accutrax, alleging breach of contract and breach of fiduciary duties. Accutrax also sought a preliminary injunction to prevent Kildevaeld from commercializing his patented invention, a marking blade for use in a mechanical carpenter's pencil or utility knife. Accutrax contends that

Kildevaeld assigned the patent's ownership and commercialization rights to it by agreement. On May 4, 2015, Kildevaeld filed counterclaims and third-party claims against individual members of Accutrax, including a patent-infringement claim under 35 U.S.C. § 271. On the same day, Kildevaeld filed a notice of removal in this Court.

Accutrax has moved to remand the matter to state court. It contends that the removal of this action to federal court was improper because it was removed after the expiration of the thirty-day deadline under 28 U.S.C. § 1454. Kildevaeld contends that (1) the removal was timely because the thirty-day window began on the day when he filed his patent counterclaim, and (2) even if his removal was not timely, he has shown "cause" within the meaning of § 1454 for an extension of time.

For the following reasons, the motion to remand will be granted.

**I.      Background**

Unless otherwise noted, the facts are presented as stated in the complaint and defendant's notice of removal.

**A.      Factual Background**

In 2012, Michael Kildevaeld invented a marking blade for use with a mechanical carpenter's pencil or a utility knife. He filed a provisional patent application with the United States Patent and Trademark Office. He later met third-party defendants Harry Billado and Robert Cumings, and the three men discussed entering into an agreement through which Kildevaeld would assign his patent rights to Accutrax, a newly-formed LLC, in exchange for capital and marketing support. Kildevaeld contends that he engaged in only preliminary negotiations, and that Billado and Cummings formed Accutrax without his knowledge and are fraudulently claiming rights to the invention. (Def. Aff. ¶ 5). Accutrax contends that the

agreement is a valid contract because Kildevaeld agreed to the arrangement in a January 2013 e-mail exchange.  (*See* Pl. Mem. Ex. C).

Before the PTO issued the patent, Accutrax's counsel recorded a document with the PTO on October 3, 2013, to protect its rights to the patent against third parties.  Kildevaeld contends that Accutrax's unilateral recordation without his knowledge was a "fraudulent assignment to Accutrax of [his] . . . patent application." (Def. Aff. ¶ 6).  Accutrax contends that the recordation was not an assignment under the PTO rules and has no effect on its ownership dispute with Kildevaeld.  Rather, Accutrax contends, the recordation is a purely "ministerial act" that "protects against a third party claiming to be a bona fide purchaser [of the patent]." (Perreault Aff. ¶¶ 6-7).

On December 23, 2014, the PTO issued U.S. Patent No. 8,915,662 for the pencil-blade invention to Kildevaeld.  It is undisputed that Kildevaeld is the sole inventor of the '662 patent; the essence of the dispute is whether he owns the patent or transferred ownership to Accutrax.

### B.     Procedural Background

Accutrax filed a complaint against Kildevaeld on November 12, 2014, in Massachusetts Superior Court, alleging state-law causes of action for breach of contract and breach of fiduciary duties.  At the time, the PTO had not yet issued the '662 patent.  Accutrax sought a preliminary injunction to enjoin Kildevaeld from seeking to commercialize, assign, license, or transfer the rights associated with the provisional patent.  As evidence that Accutrax owned the rights to the patent, it filed with the court the operating agreement and various documents showing that Kildevaeld had acted in accordance with the agreement.  It did not, however, offer its recordation with the PTO as evidence of ownership.

On November 24, 2014, Kildevaeld filed an affidavit in opposition to the motion for a

preliminary injunction in which he asserted that the operating agreement was invalid and that he never agreed to transfer ownership of the patent rights. After a November 21, 2014 hearing on the motion, the Superior Court granted the preliminary injunction against Kildevaeld.

On January 7, 2015, Accutrax agreed to extend the deadline for Kildevaeld to file an answer to March 5, 2015. After delays due to the withdrawal of his counsel, Kildevaeld filed an answer, state-law counterclaims, a counterclaim for unfair competition under the Lanham Act, and a third-party complaint against Billado and Cumings in state court. The same day, Kildevaeld also filed a notice of removal in this Court, along with an amended answer in which he added a patent-infringement counterclaim.

Kildevaeld contends that removal is proper pursuant to 28 U.S.C. § 1454. Accutrax has moved to remand the action to state court.

## II.     Analysis

Under 28 U.S.C. § 1338, "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents" and "[n]o state court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents." A defendant may remove any civil action over which the federal district court has original jurisdiction, as determined by the claims for relief in the complaint. 28 U.S.C. § 1441(a).

In 2011, Congress passed the Leahy-Smith America Invents Act, which made it easier for defendants to remove cases to federal court based on counterclaims involving patent-law issues. Among other things, the new law added 28 U.S.C. § 1454(a), which provides that "[a] civil action in which *any party* asserts a claim for relief arising under any Act of Congress relating to patents . . . may be removed to the district court of the United States for the district and division embracing the place where the action." 28 U.S.C. § 1454(a) (emphasis added). However, the

statute also provides that removal of an action under § 1454(a) "shall be made in accordance with section 1446, except that . . . the time limitations contained in section 1446(b) may be extended at any time for cause shown." 28 U.S.C. § 1454(b)(1)-(2).

The first time limitation in § 1446 requires that a defendant file a notice of removal "within [thirty] days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, § 1446 goes on to provide that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

It is clear that § 1454 incorporates the thirty-day removal requirements of § 1446. Kildevaeld thus had thirty days in which to remove the action, unless the time period is extended. There are two further issues: when the thirty-day period begins to run, and what constitutes "cause shown" for an extension of time under § 1454(b)(2). The Court will address each issue in turn.

### A. Thirty-Day Requirement

Because the AIA is a relatively new statute, few courts appear to have encountered the precise situation presented by this case. Here, there appear to be three potential dates from which the thirty-day clock could begin to run: (1) the date of the initial complaint (November 12, 2014), (2) the date that the PTO issued the '662 patent to defendant (December 23, 2014), or (3) the date that Kildevaeld filed his patent-infringement counterclaim (May 4, 2015). Without

an extension or tolling of the time period, the removal would be timely only if the May 4, 2015 date applies.

Using May 4, 2015, as the trigger date is problematic. Kildevaeld contends that the filing of his own patent-infringement counterclaim triggers the thirty-day window to remove under § 1446(b)(3). There are at least two problems with that reading. First, § 1446(b)(3) states that "a notice of removal may be filed within thirty days after *receipt* by the defendant" of some paper from which it may first be ascertained that the case is removable. (emphasis added). But a defendant surely cannot "receive" his own counterclaim. Second, that interpretation would effectively read § 1446 out of § 1454. The thirty-day deadline would mean little if a defendant could decide when to start the clock for his own removal by asserting a counterclaim at any time. As some courts have noted, "[t]he timing provisions of Sections 1446 and 1454 are important because they limit the ability of the [d]efendant to test the waters in one forum and, finding them inhospitable, move to another forum that might be more sympathetic to its views." *University of Ky. Research Found., Inc. v. Niadyne, Inc.*, 2013 WL 5943921, at *10 (E.D. Ky. Nov. 5, 2013); *see also Andrews v. Daughtry*, 994 F. Supp. 2d 728, 735 (M.D.N.C. 2014) (quoting *Niadyne*). Therefore, the date of the filing of the counterclaim cannot be the trigger that starts the thirty-day deadline under § 1454.

Using the date of the initial complaint, November 12, 2014, is likewise problematic. Kildevaeld contends that the date of the initial pleading, as set by § 1446(b)(1), does not apply in this case because "the case stated by the initial pleading [was] not removable." § 1446(b)(3). Accutrax filed suit in state court on November 12, 2014, but the PTO did not issue the '662 patent until December 23, 2014. Therefore, Kildevaeld contends, because the PTO had not issued the patent by December 13, thirty days after the complaint, he could not have filed a

patent-infringement counterclaim within thirty days after November 12. That argument highlights a problem with sections 1446 and 1554. If a patent does not issue until thirty-one days after a complaint is filed, then a strict application of § 1446 to cases involving provisional patents means that removal is never possible. Yet § 1454 explicitly allows a defendant asserting a patent-infringement counterclaim to remove, and § 1338 grants federal courts exclusive jurisdiction over patent claims. As one court has noted, "[t]his discussion only highlights the fundamental inconsistency between § 1446 and § 1454." *Donahue v. Tokyo Electron Am.*, 42 F. Supp. 3d 829, 837 (W.D. Tex. 2014).

However, that apparent inconsistency between § 1446 and § 1454 can be avoided by using the date of the issuance of the patent as the relevant date. The PTO issued the '662 patent to Kildevaeld on December 23, 2014. Therefore, even if the Kildevaeld is correct that he could not have asserted a patent counterclaim based on the initial complaint, the issuance of the patent certainly qualifies as some "other paper from which it may first be ascertained [by the defendant] that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). At least three other courts have arrived at similar conclusions. *See Mirowski Family Ventures, LLC v. Boston Sci. Corp.*, 2014 WL 2574615 (D. Md. June 5, 2014) (noting that because the parties, during the litigation, exchanged documents, which reflected the defendant's knowledge of its intellectual-property counterclaims and equated to knowledge of the basis for removal under § 1454, the court need not choose the initial-pleading date or filing-of-counterclaim date); *Daughtry*, 994 F. Supp. 2d 728 (M.D.N.C. 2014) (same); *Niadyne*, 2013 WL 5943921 (E.D. Ky. Nov. 5, 2013) (same).

Kildevaeld did not file his notice of removal until May 4, 2015, more than thirty days after the December 23, 2014 issuance of the patent. Accordingly, the Court finds that the

removal was not timely under § 1454, and the case must be remanded unless Kildevaeld has demonstrated "cause shown" for an extension of the deadline.

### B. Cause Shown

As noted, § 1454 provides that "the time limitations contained in section 1446(b) may be extended at any time for cause shown." 28 U.S.C. § 1454. Kildevaeld contends that he has shown cause for an extension for two reasons.

First, Kildevaeld contends that he is entitled to pursue his federal-law counterclaims, regardless of any delay, because "[t]he legislative history of § 1454 makes clear that Congress intended to provide federal court jurisdiction over *all* patent claims, including counterclaims." (Def. Mem. 4) (emphasis in original). But the plain language of § 1454 imposes "time limitations" on removal. That language must mean something; it cannot simply be read out of the statute. *See Niadyne,* 2013 WL 5943921, at *10 ("'Cause shown' cannot, as [defendant] suggests, simply be that the removing party has asserted a patent claim and federal courts are the exclusive forums of such claims. The reason for this seems obvious. Section 1454 is principally about the removal of patent claims, and so if Congress had shared [defendant's] view, it would have simply removed all time limitations,"); *SnoWizard, Inc. v. Andrews*, 2013 WL 3728410, at *5 (E.D. La. July 12, 2013) ("[d]efendants ignore that 28 U.S.C. § 1454 specifically contemplates remand . . . [defendant's] construction ignores these provisions in 28 U.S.C. § 1446 and seeks to make them superfluous").

Second, Kildevaeld contends that Accutrax's October 3, 2013 recording of a document with the PTO was "a fraudulent assignment to Accutrax of [defendant's] patent application," and therefore "this Court must determine the validity, nature and effect of Accutrax's purported assignments and other actions under federal patent law and relevant PTO regulations." (Def. Mem. 1, 12).

The Patent Act provides that only "the applicant, patentee, or his assigns or legal representations may . . . convey an exclusive right under his application for patent . . . ." 35 U.S.C. § 261. Therefore, Kildevaeld contends, this Court must determine whether the recordation by Accutrax was a fraudulent assignment in violation of the Patent Act. But that argument conflates a recordation with an assignment. An assignment is a written conveyance of ownership rights by the patentee. In this case, the alleged assignment was embodied in the January 2013 operating agreement between Accutrax and Kildevaeld. A recordation, on the other hand, is a ministerial act with the PTO through which an assignee protects its interest against third parties who later purport to acquire rights in the assigned interest. A recordation "is not a determination by the [PTO] of the validity of the document or the effect that document has on the title to an application, a patent, or a registration." 37 C.F.R. § 3.54. If an assignee does not record its assignment with the PTO, it has no legal effect against any subsequent bona fide purchaser.

Thus, the October 3, 2013 recordation was not an assignment, and it has no apparent effect on the patent-ownership dispute between Accutrax and Kildevaeld. The ownership dispute is governed by the validity of the operating agreement, which is governed by state law. *See, e.g.*, *StoneEagle Servs. v. Gillman*, 746 F.3d 1059, 1062 (Fed. Cir. 2014) ("[O]wnership is typically a question of state law . . . [i]n contrast, inventorship is a federal question.") (citation omitted). In fact, Accutrax did not even offer the recordation as evidence of its ownership of the '662 patent rights in state court. The recordation does not control the ownership dispute between Accutrax and Kildevaeld, and indeed is only marginally relevant to that dispute. Accordingly, any ruling by this Court on the validity of the recordation would not conflict with the state court's assessment of ownership.

Defendant has therefore failed to demonstrate "cause shown" for an extension of the removal deadline under § 1454. For that reason, the removal was untimely, and the matter should be remanded to the Superior Court.

### III.  Conclusion

For the foregoing reasons, plaintiff's motion to remand is GRANTED.

**So Ordered.**

Dated: October 19, 2015

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge